UNITED STATE DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 03-243 |
| GRETTER PERKINS | SECTION "N"  (4) |

### ORDER AND REASONS

Before the Court is a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence, filed by Gretter Perkins.  (Rec. Doc. No. 143).  For the reasons stated herein, the petitioner's motion is DENIED.

### I.  BACKGROUND

On January 22, 2004, Gretter Perkins was indicted by a grand jury on one count of conspiracy to import into the United States and to possess on board a vessel arriving in the United States, 5 kilograms or more of cocaine hydrochloride, in violation of Title 21, United States Code, Section 963, and two counts of knowingly and intentionally possessing on board a vessel arriving in the United States, 500 grams or more of cocaine hydrochloride in violation of Title 21, United States Code, Section 955.  On November 8, 2004, Perkins pled guilty to Counts 1 and 2 of the second superseding indictment.  Her guilty plea was pursuant to a plea agreement, wherein, among other things, she explicitly waived her right to appeal her sentence on any aground and explicitly agreed not to contest her sentence in any post-conviction proceeding, such as the proceeding

presently before the Court, unless her sentence exceeded the statutory maximum or constituted an upward departure for the Sentencing Guidelines range deemed most applicable by the Court.

In the presentence investigation report ("PSI"), Perkins' sentencing guideline range was determined to be 70 to 87 months imprisonment. On March 23, 2005, Perkins was sentenced to 70 months imprisonment, to be followed by a three-year term of supervised release. She was also ordered to pay a $100 special assessment. As the Court noted in its Judgment and Probation/Commitment Order, the sentence was imposed pursuant to the Sentencing Reform Act of 1984, as interpreted and modified by recent United States Supreme Court precedent. The term of imprisonment imposed on Perkins was not in excess of the statutory maximum, and it did not constitute an upward departure from the applicable sentencing range.

Perkins did not file a direct appeal of her sentence or conviction. On March 22, 2006, Perkins timely filed this petition for post-conviction relief under 28 U.S.C. § 2255.

## II.  LAW AND ANALYSIS

The motion, files and records of the case conclusively show that the prisoner is not entitled to relief. The matter is based entirely upon the application of legal principles to established facts. Therefore, an evidentiary hearing is not required. 28 U.S.C. § 2253.

The specific ground for relief set forth in Perkins' § 2255 motion is as follows: "Petitioner was sentenced on erroneous and unfounded drug amounts included as relevant conduct." In support of her claim, Perkins states: "Petitioner had no knowledge of the scope of the conspiracy, the modus operandi of the conspiracy, or of the participants within the conspiracy. She quickly refrained from illegal activity and therefore could not reasonably foresee what conduct would transpire."

Having reviewed the § 2255 motion and the Government's opposition thereto, the record, and the applicable law, the Court finds that the petitioner is not entitled to post-conviction relief.

## A.  Waiver

As stated above, Perkins waived her right to challenge her sentence in a post-conviction proceeding if her sentence was below the statutory maximum and within the statutory Guideline range.  The Fifth Circuit has held that a waiver of post-conviction relief, such as relief provided by 28 U.S.C. § 2255, is valid if the waiver is informed and voluntary.  *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).  The defendant must know that he had "a right to appeal his sentence and that he was giving up that right."  *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994) (internal quotation marks and citation omitted), *cert. denied*, 513 U.S. 893 (2004).  It is the responsibility of the district court "to insure that the defendant fully understands [his] right to appeal and the consequences of waiving that right."  *United States v. Gonzalez*, 259 F.3d 355, 357 (5th Cir. 2001) (quoting *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992)).

Here, the evidence indicates that Perkins' waiver was both knowing and voluntary.  The plea agreement, which was signed by Perkins, contained an express waiver of her right to appeal or seek relief under § 2255 if her sentence was within the applicable guideline range and below the statutory maximum.  During Perkins' rearraignment, the Court summarized the indictment, reviewed the provisions of the plea agreement, and noted the minimum and maximum sentences under the statutes.  The Court also advised Perkins that the government would have to prove the charges against her beyond a reasonable doubt if she chose to go to trial.  Perkins indicated that she understood the ramifications of pleading guilty.  Perkins responded negatively when asked whether she had been influenced, induced or persuaded in any manner to plead guilty because of any

promises or threats made to her by anyone. The Court specifically questioned Perkins about her waiver of her right to appeal, and she confirmed that she knowingly waived her right to challenge her sentence. The Court determined on the record that Perkins understood the nature of the rights that she was forfeiting.

Considering the foregoing, Perkins affirmed that she fully understood and voluntarily approved of her plea. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621 (1977). At no time during the rearraignment hearing did Perkins indicate that she did not understand the consequences of her actions. *See Wilkes*, 20 F.3d at 653. Additionally, Perkins does not set forth any arguments in her motion that would indicate that she did not understand the nature of her guilty plea. The Court therefore finds that Perkins knowingly and voluntarily waived his right to pursue post-conviction relief under § 2255.

The Court notes that Perkins argues that the guideline range used with respect to her sentencing should have been lower in light of the improper consideration of uncharged conduct, and that the imposition of a sentence based on the higher guideline range, in effect, resulted in her receiving a sentence outside of the applicable guideline range that she could properly appeal under the plea agreement. The Court finds such argument unconvincing. Perkins may not contest the her sentence, as it falls within the guideline range *deemed most applicable by the sentencing court*, as contemplated by the plea agreement. For the foregoing reasons, Perkins' motion must be **DENIED**.

## B. Procedural Bar

Alternatively, Perkins' § 2255 motion should be dismissed because none of the issues raised in this habeas motion were raised on direct appeal. Habeas corpus relief is considered an

extraordinary remedy and "will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621, 118 S.Ct. 1604 (1998). Courts therefore have routinely held that a defendant procedurally defaults any claim that is not raised on direct appeal. *See id.* Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate cause and actual prejudice, or, alternatively, that he is actually innocent. *Id.* at 622. A defendant must meet this cause and actual prejudice test even when he alleges a fundamental constitutional error. *United States v. Shaid,* 937 F.2d 228, 232 (5th Cir. 1991) (citing *Murray v. Carrier,* 477 U.S. 478, 493, 106 S.Ct. 2639 (1986)).

In the case at bar, Perkins' has made no attempt to establish any "cause" for her failure to raise the issue presented on direct appeal. Additionally, the record reveals no possible "cause" for her failure do so.[1] Perkins therefore can only overcome the procedural bar if she can demonstrate that a failure to allow her to raise her claim on collateral review amounts to a "miscarriage of justice," or that she was wrongfully convicted of a crime of which she was actually innocent. Again, Perkins has made no attempt to establish the latter, and the record clearly demonstrates that she knowingly and voluntarily pleaded guilty to crimes which she knowingly and intentionally committed. The Court specifically questioned Perkins concerning her guilt, to which she responded that she was pleading guilty because she was in fact guilty of the crimes to which she plead guilty. Perkins' claims are therefore procedurally barred.

---

[1] At the sentencing hearing, the Court advised the defendant that she had a right to appeal her conviction and her sentence to the extent that she had not waived those rights as part of her plea, and further that, with few exceptions, any notice of appeal must have been filed within ten days of judgment being rendered.

### C. <u>Lack of Merit</u>

Perkins' application for § 2255 habeas relief also contains no factual or legal allegations, either general or specific, which suggest that her plea or her entry into the plea agreement was without knowledge or was involuntary. Indeed, the opposite was found to be true at the rearraignment. At the rearraignment, the Court specifically explained to Perkins the maximum sentences, and confirmed that Perkins understood that her sentence had not yet been determined, and would be fixed only by the Court.

As to Perkins' complaint about the drug quantity, i.e., the scope of the conspiracy, this Court specifically explained to her the nature of the conspiracy charge to which she pled:

> A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.
>
> One may become a "member of a conspiracy" without knowing all of the details of the unlawful scheme or the identities of all the other alleged co-conspirators. If a defendant understands the unlawful nature of the plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though that defendant had not participated before and played only a minor role.
>
> The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme alleged in the second superseding indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

In response to this explanation, Perkins indicated that she understood, and persisted in her guilty plea.

Accordingly, the Court finds no merit to Perkins' habeas application, even if the right to such application had not been waived and/or barred.

### III.  CONCLUSION

For all the foregoing substantive and procedural reasons, **IT IS ORDERED** that the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence filed by petitioner Gretter Perkins is **DENIED**.

New Orleans, Louisiana, this   14th  day of September, 2006.

**KURT D. ENGELHARDT**
**United States District Judge**